UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

LUCAS SILVA,

    Plaintiff,

vs.

FANCYDRESSME INC., a Florida Profit Corporation
d/b/a FASTSIGNS 2043

    Defendant.

_____/

**COMPLAINT**

Plaintiff LUCAS SILVA, (hereinafter "Plaintiff") by and through his undersigned attorney hereby sues Defendant FANCYDRESSME INC, a Florida Profit Corporation d/b/a FASTSIGNS 2043 (hereinafter, "Defendant"), and states as follows:

**JURISDICTION AND VENUE**

1. This is an action by the Plaintiff for damages and other relief for unpaid wages and unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue is proper for the United States Court for the Southern District of Florida because Plaintiff was employed in the Southern District of Florida by Defendant, which at all material times conducted, and continues to conduct, business in the Southern District of Florida, and because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida and because Defendant is subject to personal jurisdiction there.

4. Plaintiff says that all conditions precedent to the maintenance of this action have heretofore been performed or have been waived.

**PARTIES**

5. Plaintiff at all times pertinent to this complaint resided within the Southern District of Florida. Plaintiff is over the age of eighteen and otherwise sui juris.

6. Plaintiff at all times relevant to this complaint was employed as an installer. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

7. Defendant is a Florida profit corporation organized and existing under and by virtue of the laws of Florida and is registered to do business within Florida. Defendant has its principal place of business in Boca Raton, Florida. Defendant had, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

8. Defendant is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

9. At all times material to this Complaint, Defendant, has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

10. Specifically, Defendant is a is a custom sign company that provides services including design, creation, shipping and installations of commercial signs. Defendant, upon information and belief, designs and manufactures its products using materials that are shipped across state lines.

11. Defendant upon knowledge and belief, has had gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

12. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

13. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

14. Plaintiff is a non-exempt employee of Defendant and is subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one of more workweeks.

15. Plaintiff worked for Defendant from September 13, 2021, through February 4, 2022, as an installer.

16. Plaintiff regularly worked between 45–50 hours per workweek.

17. From September 13, 2021-December 2021, Plaintiff was to be compensated at $17.50/hour. However, Plaintiff was not compensated at time and half for any of the overtime hours worked during that period of time. Rather Plaintiff was compensated at his regular rate for all hours worked.

18. At all times pertinent to this action, Defendant failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendant for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

19. Defendant and its representatives knew that Plaintiff was working overtime, and that federal law requires employees to be compensated at time and one-half per hour for overtime pay.

20. Furthermore, from December 13, 2021, through February 4, 2022, Defendant changed Plaintiff's method of compensation to a piece work compensation. During that period of time, Plaintiff was to be compensated per job completed.

21. For the last two weeks of Plaintiff's employment, Defendant made improper deductions from Plaintiff's checks.

22. As a result of these improper deductions, Plaintiff was paid at a rate below the minimum applicable hourly wage rate as set forth under state and federal law for those two weeks.

23. Defendant maintained complete control over the hours Plaintiff worked and the pay he was to receive.

24. On or about January 2022, Plaintiff complained to his supervisor Fabio (LNU) regarding the Defendant's failure to compensate Plaintiff for all hours worked.

25. Shortly thereafter, On or about February 4, 2022, Plaintiff was terminated.

26. The temporal proximity of Plaintiff's complaints regarding the improper pay and his termination creates the presumption that Defendant retaliated against Plaintiff for attempting to exercise his rights under the law.

27. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

28. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

## COUNT I
## VIOLATION OF FLSA/ UNPAID MINIMUM WAGES

29. Plaintiff, re-alleges and reaffirms paragraphs 1 through 28 as if fully set forth herein.

30. This action is brought by Plaintiff to recover from Defendant unpaid minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq.

31. At all times during his employment, Plaintiff was an employee required to be paid a minimum hourly wage for every hour worked and entitled to receive those minimum hourly wages not later than the regularly established pay day.

32. Throughout Plaintiff's employment, Defendant violated the provisions of the FLSA, 29 U.S.C. § 206 and § 215(a)(2) by failing to timely pay the Plaintiff at least a minimum hourly wage for each hour worked as stated above.

33. Defendant knew or showed a reckless disregard for the provisions of the FLSA concerning the timely payment of hourly wages and the payment of minimum wages for all hours worked in respective pay periods, and accordingly remains owing the named Plaintiff, liquidated damages, based upon the unpaid minimum wages for the failure to pay even the required minimum hourly wage for every hour worked during each respective pay period.

34. The Plaintiff incurred expenses and endured considerable hardships and damages as a result of being deprived of the payment of a minimum hourly wage when due.

35. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

36. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

37. Defendant never posted any notice, as required by the Fair Labor Standards Act and federal law, to inform employees of their federal rights to overtime and minimum wage payments.

38. As a result of Defendant's willful violations of the Act, Plaintiff is entitled to liquidated damages.

39. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendant.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

   A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

   B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage, with interest; and

   C. Award Plaintiff an equal amount in double damages/liquidated damages; and

   D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances

## COUNT II
## VIOLATION OF FLSA/OVERTIME

40. Plaintiff, re-alleges and reaffirms paragraphs 1 through 28 as if fully set forth herein.

41. This action is brought by Plaintiff to recover from Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "[n]o employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and a half times the regular rate at which he is employed."

42. Since the commencement of Plaintiff's employment, Defendant has willfully violated the provisions of § 7 of the FLSA [29 U.S.C. § 207] by employing employees engaged in commerce for workweeks longer than forty (40) hours without compensating them for all hours

6

worked in excess of forty (40) hours at a rate not less than one- and one-half times his regular rate.

43. Specifically, throughout his employment Plaintiff regularly worked 45-60 hours during each workweek in which he was employed.

44. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that he was neither a bona fide executive, administrative, or professional employee. Plaintiff performed manual labor tasks and did not have decision-making authority.

45. Defendant has knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

46. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

47. Plaintiff seeks to recover for unpaid overtime wages accumulated from the date of hire.

48. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

49. As a result of Defendant's willful violations of the Act, Plaintiff is entitled to liquidated damages.

50. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendant.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstance.

## COUNT III
## FLSA RETALIATION

51. Plaintiff, re-alleges and reaffirms paragraphs 1 through 28 as if fully set forth herein.

52. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act or has testified or is about to testify in any such proceeding or has served or is about to serve on an industry committee."

53. Defendant's conduct as set forth above constitutes a violation for the FLSA anti-retaliation provisions.

54. As a result, Defendant acted with intentional disregard for Plaintiff's rights under the FLSA.

55. At all times relevant, Plaintiff was qualified for his position in that she worked with Defendant without disciplinary action.

56. Defendant's justification(s) for terminating Plaintiff if any are a mere pretext for unlawful retaliation.

57. Defendant's conduct through its representative was in direct violation of the FLSA, and as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully pray for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

C. Enter judgment against the Defendant for all front wages until Plaintiff becomes 65 years of age; and

D. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**SPACE INTENTIONALLY LEFT BLANK**

## JURY DEMAND

Plaintiff LUCAS SILVA demands trial by jury of all issues triable as of right by jury.

Dated: June 23, 2022

                                    **PEREGONZA THE ATTORNEYS, PLLC**
                                    5201 Blue Lagoon Drive
                                    Suite 290
                                    Miami FL 33126
                                    Tel. (786) 650-0202
                                    Fax. (786) 650-0200

                                    By: /s/ *Nathaly Saavedra*
                                    Nathaly Saavedra, Esq.
                                    Fla. Bar No. 118315
                                    Email: nathaly@peregonza.com


                                    By: /s/ *Juan J. Perez*
                                    Juan J. Perez, Esq.
                                    Fla. Bar No. 115784
                                    Email: juan@peregonza.com